IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| CYNTHIA BRADLEY, o/b/o K.M., a minor, | ) ) ) | |
| Plaintiff, | ) ) | No. 0:16-cv-770-DCN |
| vs. | ) ) | **ORDER** |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security Administration*,[1] | ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that this court reverse and remand Acting Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision denying the application of Cynthia Bradley's ("Bradley") minor child, "K.M.", for supplemental security income ("SSI"). The Commissioner filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, reverses the Commissioner's decision, and remands for further administrative proceedings.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

On May 25, 2012, Bradley filed an application for SSI on K.M.'s behalf, alleging disability beginning that same date due to a learning disability. The Social Security Agency denied Bradley's claim initially and on reconsideration. Bradley requested a

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

hearing before an administrative law judge ("ALJ"), and ALJ Nicole S. Forbes-Schmitt held a hearing on July 17, 2014.

The ALJ issued a decision on September 19, 2014, finding K.M. not disabled under the Social Security Act. Bradley requested Appeals Council review of the ALJ's decision. The Appeals Council denied Bradley's request for review, rendering the ALJ's decision the final decision of the Commissioner. On March 10, 2016, Bradley filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on July 17, 2017, recommending that this court reverse and remand the ALJ's decision. The Commissioner filed objections to the R&R on July 25, 2017. The matter is now ripe for the court's review.

### B. Medical History

Because K.M.'s medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. The claimant was born on February 14, 2005, was seven years old and a school-age child on the alleged onset date, and is currently a school-age child.

### C. ALJ's Findings

A person under the age of eighteen is considered disabled under the Social Security Act if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); see also 20 C.F.R. § 416.906. The Social Security regulations establish a three-step sequential evaluation process to determine whether a child is disabled. 20 C.F.R. § 416.924(b)–(d). Under this process,

the ALJ must determine whether the minor: (1) is engaged in substantial gainful activity; (2) has a "severe" impairment; and (3) has an impairment that meets, medically equals, or functionally equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). Id. According to the regulations, a severe impairment "is one which is more than a slight impairment that causes more than minimal functional limitations." James ex. rel. v. Colvin, Civil Action No. 9:12-2694-RMG, 2014 WL 131198, at *1 (D.S.C. Jan. 14, 2014) (citation omitted). To determine whether a child satisfies the functional equivalent equal to a Listing, the ALJ should consider the child's functional level in the following six areas: "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well[-]being." Id.; 20 C.F.R. § 416.926a(b)(1). To be found disabled under a functional equivalency analysis, the child "must be shown to have a 'marked' impairment in at least two of the functional areas[,]" James, 2014 WL 131198, at *1 (citing § 416.926a), or an "extreme" limitation in one functional area, § 416.926a(a). A marked impairment, which is a limitation that is "more than moderate but less than extreme," is one that seriously interferes with the child's ability "to independently initiate, sustain, or complete activities." § 416.926a(e)(2)(i). An extreme impairment is one that interferes very seriously with a child's ability "to independently initiate, sustain, or complete activities." § 416.926a(e)(3)(i).

The ALJ employed the statutorily-required three-step sequential evaluation process to determine whether K.M. was disabled. The ALJ first determined that K.M. has not engaged in substantial gainful activity since May 25, 2012, the application date.

Tr. 31. At the second step, the ALJ found that K.M. suffered from the following severe impairments: learning disability, speech and language delay, attention deficit hyperactivity disorder, and disruptive behavior disorder/oppositional defiant disorder. Tr. 31. At step three, the ALJ found that K.M.'s impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). Tr. 31–40; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Accordingly, the ALJ found that K.M. was not disabled during the period at issue. Tr. 40.

## II. STANDARD OF REVIEW

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the magistrate judge's conclusions. See <u>Thomas v. Arn</u>, 474 U.S. 140, 149–50 (1985). The R&R carries no presumptive weight, and the responsibility to make a final determination rests with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." <u>Id.</u> (citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." <u>Id.</u> (citation

4

omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ][,]" not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

### III. DISCUSSION

The Commissioner objects to the R&R, asserting that the magistrate judge erred in evaluating the opinion evidence from K.M.'s treating physician, Ernest Atkinson, M.D ("Dr. Atkinson").[2] Specifically, the Commissioner asserts that the magistrate judge misinterpreted the regulations concerning the evaluation of opinion evidence and improperly re-weighed conflicting evidence. Def.'s Objs. 1.

The Social Security Administration typically gives greater weight to the opinion of a treating physician because a treating physician is best able to provide a "detailed, longitudinal picture" of the claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, the ALJ has the discretion to give less weight to the testimony of a treating

---

[2] The following provides the ALJ's evaluation of Dr. Atkinson's opinion:
> Dr. Ernest Atkinson issued a medical source statement in June 2014 regarding his treatment of the claimant. (Exhibit 10F). Dr. Atkinson stated that the claimant has less than marked limitations in acquiring and using information, moving about and manipulating objects, caring for himself and in health and physical well-being. He indicated further that the claimant has marked limitations in attending and completing tasks and interacting and relating with others. However, this assessment is unsupported by longitudinal treatment notes and is given little weight to the extent that it is inconsistent with the remaining medical evidence of record.

Tr. 34.

physician if there is "persuasive contrary evidence." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (citation omitted).

If the ALJ chooses to discredit the report of the treating physician, she must fully articulate the reasons for doing so. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). When a treating physician's opinion does not merit controlling weight, the ALJ evaluates the opinion using the following factors: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1527). The Fourth Circuit has not mandated that the ALJ expressly discuss each factor, and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. Civ. A. 1:09-01283-HFF, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up specious inconsistencies . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (citations omitted).

The ALJ is obligated to explain her findings and conclusions on all material issues of fact, law, or discretion presented. 5 U.S.C. § 557(c)(3)(A). "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process[,]" and

courts have remanded cases "where the reasoning for the [ALJ's] conclusion is lacking and therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (citation omitted).

In the instant case, the ALJ accorded "little weight" to Dr. Atkinson's opinion, stating that Dr. Atkinson's "assessment is unsupported by longitudinal treatment notes and . . . is inconsistent with the remaining medical evidence of record." Tr. 34. As an initial matter, defendant claims that the magistrate judge's statement that "'it is unclear whether the ALJ applied all of the applicable [20 C.F.R. § 416.927(C)] factors in evaluating this opinion evidence[]'" is a "misinterpretation of the controlling law." Def.'s Objs. 2 (emphasis added) (quoting R&R at 7). To support its argument, defendant lists several cases wherein the courts found that the ALJ is not required to provide an express discussion of each factor. See e.g., Baxter v. Astrue, No. SKG-10-3048, 2012 WL 32567, at *6. This court agrees but notes that there is a distinction between applying the factors and discussing the factors. Therefore, the court finds that the Commissioner fails to demonstrate that the ALJ misinterpreted controlling law. Furthermore, the magistrate judge's recommendation to remand the case is based on her finding that the ALJ failed to provide specific reasons for the weight assigned to Dr. Atkinson's medical opinion, thereby leaving the court "unable to determine whether the ALJ's decision is supported by substantial evidence." R&R at 7. Therefore, the court finds that the Commissioner's argument concerning the analysis of the factors used in the evaluation of Dr. Atkinson's opinion evidence is not a ground for rejecting the R&R.

Next, the Commissioner contends that the ALJ "carefully discussed the medical and non-medical evidence, including K.M.'s treatment notes, Individualized Education

7

Program (IEP) reports, teacher questionnaires, and the state agency physician opinions, and provided 'good reasons' for why she did not accept Dr. Atkinson's finding that K.M. had a marked limitation in the domains of attending and completing tasks and interacting and relating with others." Def.'s Objs. 4. However, the court finds that even though the ALJ discussed said notes, opinions, and questionnaires, she failed to specifically explain the weight she accorded to Dr. Atkinson; instead, the ALJ summarily stated her "assessment is unsupported by longitudinal treatment notes and . . . is inconsistent with the remaining medical evidence of record[,]" without noting specific treatment notes and other medical evidence in which she relied. See SSR 96-2p, 1996 WL 374188, at *5 (According to the regulations, an ALJ's decision must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

Finally, the Commissioner asserts that "the Magistrate Judge reviewed this case de novo and impermissibly re-weighed Dr. Atkinson's opinion." Def.'s Objs. 6. This argument hinges on the magistrate judge's statement that "the Commissioner points to evidence in the record that may support discounting aspects of this opinion; however, Bradley is able to point to contrary evidence in the record that may support crediting the opinion." Def.'s Objs. 6 (citing R&R 7). Unlike the Commissioner, the court interprets the magistrate judge's statement not to show an attempt to re-weigh evidence or substitute her judgment for that of the Commissioner, but to show that the court is simply unable to determine whether the ALJ's decision is supported by substantial evidence.

Notably, the magistrate judge states that she "expresses no opinion as to the weight this evidence should be given or whether consideration of this evidence by the Commissioner or ALJ will necessarily lead to a finding that K.M. is entitled to benefits." R&R at 7 n.4. Therefore, the court finds that the magistrate judge did not impermissibly re-weigh Dr. Atkinson's opinion.

In conclusion, the court agrees with the magistrate judge and finds that the ALJ's cursory statement assigning little weight to Dr. Atkinson's opinion is not enough and remands the case for further consideration and discussion of Dr. Atkinson's opinion.[3]

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R, **REVERSES** the Commissioner's decision, and **REMANDS** for further administrative proceedings.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 26, 2017
Charleston, South Carolina**

---

[3] In Bradley's initial brief, in addition to the argument that the ALJ failed to properly weigh Dr. Atkinson's opinion, she also argued that the ALJ's step three analysis is not supported by substantial evidence. Pl.'s Mem. of Law 1, 9–11. The magistrate judge only addressed the argument concerning the weight of Dr. Atkinson's opinion, explaining that further consideration of Dr. Atkinson's opinion may impact the remaining argument, possibly rendering it moot. R&R at 5, 7.

9